IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

RAY HULL and KAREN K. HULL, )
)
    Plaintiffs, )
) Case No. 04 CV 721 C (C)
v. )
)
BARON TELECOM, INC., )
WIRELESS SOLUTIONS, LLC., and )
NEXTEL PARTNERS OPERATING CORP., )
)
    Defendants. )
)

**FILED SEP 17 2004 Phil Lombardi, Clerk U.S. DISTRICT COURT**

## COMPLAINT

Ray Hull and Karen K. Hull (Plaintiffs) submit their complaint against Baran Telecom, Inc., (hereinafter Baran), Wireless Solutions, LLC. (hereinafter Wireless Solutions), and Nextel Partners Operating Corp. (hereinafter Nextel Partners), (collectively Defendants) as follows:

### I. Parties, Jurisdiction and Venue

1. Plaintiffs are natural persons and citizens of the State of Oklahoma.

2. Defendant, Nextel Partners Operating Corp., is a corporation incorporated under the laws of the State of Delaware and having its principal place of business in a State other than the State of Oklahoma. Defendant, Nextel Partners Operating Corp. (hereinafter "Nextel Partners") may be served with summons at the following address:

    Nextel Partners Operating Corp.
    c/o Corporation Service Company
    40 Technology Parkway South, Suite 300
    Norcross, GA 30092

3. Defendant, Wireless Solutions, LLC, is a limited liability company, having its principal place of business in a State other than the State of Oklahoma, and may be served with

1

summons at the following address:

>Wireless Solutions, LLC
>4330 Westway Avenue
>Dallas, TX  75205

4. Defendant, Baran Telecom, Inc., is a corporation incorporated under the laws of the State of Georgia and having its principal place of business in a State other than the State of Oklahoma. Baran may be served with summons at the following address:

>Baran Telecom, Inc.
>c/o Ron Raviv
>2355 Industrial Park Boulevard
>Cumming, GA  30041.

5. The amount here in controversy exceeds, exclusive of interest and costs, $75,000, the sum specified by 28 U.S.C. § 1332.

## II. Background Facts; Venue

6. In November of 2003, Baran Telecom contacted Mr. Ryan Chapman, d/b/a Innovative Wireless Construction ("IWC"), a contractor having its principal place of business in the Northern District of Oklahoma, and formed a contract with IWC, creating a continuing relationship with IWC. Baran is member of Baran Group, Ltd., a large multi-national provider of engineering and technology solutions. Plaintiffs' claims arise from this contract.

7. Nextel Partners is a partner with Nextel Communications, Inc., a Fortune 200 Company, and has the exclusive right to provide digital wireless communications services using the Nextel brand name in 30 states. Nextel Partner's licensed territories include areas of the Northern District of Oklahoma. Nextel Partners has two Nextel direct retail locations and over fifty "Nextel authorized dealerships" in the State of Oklahoma. Nextel Partners activities in the Northern District of Oklahoma are continuous and systematic.

8. Wireless Solutions is a leader in site development and construction of towers for the

2

wireless industry. Wireless Solutions works throughout the United States. Wireless Solutions develops and constructs towers for large national communications companies, including Nextel Partners, Nextel Communications, and T-Mobile/Voicestream.

### III. Background Facts; Injury Incident

9. The occurrence which is the subject of this lawsuit took place at the Nextel Tower site, North of Cnty Rd Y on Cnty Rd 14, Cedar Bluffs, NE 68015.

10. At the time of the occurrence which is the subject of this lawsuit, Plaintiff was an employee of IWC.

11. IWC was a subcontractor for Baran.

12. Baran was a subcontractor for Wireless Solutions.

13. Wireless Solutions was the general contractor for the owners of the site of the occurrence, Nextel Partners.

14. On November 25, 2003, Plaintiff fell 240 feet when the cable holding the gin pole to which he was attached broke and the pole fell. Plaintiff fell with the gin pole until it impacted the ground. The body harness and lanyard Plaintiff wore broke from the impact and Plaintiff fell the remaining 40 feet to the ground.

15. Without limiting a general allegation of negligence on the part of Defendants, Plaintiff specifically alleges that Baran, Nextel Partners, and Wireless Solutions were negligent by failing to provide a safe place to work, and failing to ensure that IWC and its employees used adequate safety precautions in light of the peculiar risks of physical harm involved in tower erection.

16. Without limiting a general allegation of negligence on the part of Defendants, Plaintiff specifically alleges that Nextel Partners, as the owner in possession and control of the premises, negligently performed its non-delegable duty to protect Plaintiff from injury while working

3

on the premises.

17. Without limiting a general allegation of negligence on the part of Defendants, Plaintiff specifically alleges that Nextel Partners, acting as a general contractor, and Wireless Solutions and Baran, as general contractors, failed to prevent safety standard violations which they could reasonably been expected to prevent or abate by reason of their supervisory capacity.

### Count I

Plaintiffs state and re-allege Paragraphs 1 - 17 hereinabove as though completely set forth herein.

18. As a result of Defendants' negligence, Plaintiff suffered serious bodily injury.

19. As a result of Defendants' negligence, Plaintiff has sustained damages for medical expenses, permanent disability, lost wages, and other losses which exceed $75,000.

WHEREFORE, the Plaintiff Ray Hull, prays for judgment against the Defendants, and each of them, for a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) for damages sustained as the result of Defendants' negligence, for punitive damages, attorney fees, and for costs and such other relief as the Court may deem fitting.

### Count II

20. Plaintiffs re-state and re-allege Paragraphs numbered 1 - 19 as though completely set forth. Plaintiffs Ray Hull and Karen K. Hull are, and at all relevant times have been, husband and wife.

21. As a result of the injuries suffered by Plaintiff Ray Hull, Plaintiff Karen K. Hull has suffered loss of consortium, support and comfort.

WHEREFORE, Plaintiff Karen K. Hull prays for judgment against the Defendants, and each of them, for a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) for

Case 4:04-cv-00721-hdc -PJC   Document 1   Filed in USDC ND/OK on 09/17/04   Page 5 of 5

damages sustained as the result of Defendants' negligence, for punitive damages, attorney fees, and for costs and such other relief as the Court may deem fitting.

DATED this 16TH day of September, 2004.

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**

Respectfully submitted,

LOGAN & LOWRY, LLP
101 South Wilson Street
P. O. Box 558
Vinita, OK 74301-0558
(918) 256-7511

Attorneys for Plaintiff

By: _____
Thomas J. McGeady, O.B.A. #5984
Donna L. Smith, O.B.A. #12865
J. Stephen Neas, O.B.A. #19896

5