IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED
NOV 15 2004
Phil Lombardi, Clerk
U.S. DISTRICT COURT

RAY HULL, and KAREN K. HULL, )
)
         Plaintiffs, )
)
vs. ) No. 04-CV-721-C(C)
)
BARON TELECOM, INC., WIRELESS )
SOLUTIONS, L.L.C., and NEXTEL )
PARTNERS OPERATING CORP., )
)
         Defendants. )

### ANSWER OF DEFENDANT NEXTEL PARTNERS OPERATING CORP.

Comes now Defendant, NEXTEL PARTNERS OPERATING CORP., and for Answer to each respective paragraph of Plaintiffs' Complaint, denies, states and alleges as follows:

1. It has insufficient information within which to admit or deny paragraph 1 of the Complaint.

2. Paragraph 2 is admitted as to legal identity. The "service of process" address is a legal matter requiring no answer.

3. Upon information and belief Complaint paragraph 3 is admitted.

4. This Defendant has insufficient information with which to admit or deny Complaint paragraph 4.

5. Complaint paragraph 5 is admitted.

6. This Defendant has insufficient information with which either to admit or deny Complaint paragraph 6.

7. Paragraph 7 is denied as stated.

1

8. Upon information and belief this Defendant admits that WIRELESS SOLUTIONS is engaged in site development and construction of transmission towers for the wireless industry throughout various portions of the United States as asserted in Complaint paragraph 8. This Defendant can neither admit nor deny identity of its customer list.

9. Upon information and belief this Defendant admits Complaint paragraph 9.

10. This Defendant has insufficient information with which to either admit or deny Complaint paragraph 10.

11. This Defendant has insufficient information with which either to admit or deny Complaint paragraph 11.

12. This Defendant has insufficient information with which either to admit or deny Complaint paragraph 12.

13. Paragraph 13 is denied.

14. This Defendant has insufficient information with which either to admit or deny Complaint paragraph 14.

15. This Defendant denies Complaint paragraph 15.

16. Paragraph 16 is denied.

17. Paragraph 17 is denied.

18. This Defendant has insufficient information with which to admit or deny Complaint paragraph 18.

19. This Defendant has insufficient information with which to admit or deny Complaint paragraph 19.

20. This Defendant adopts its previous Answers/Responses as to Complaint paragraph 20 re-alleging earlier paragraphs 1 through 19.

21. This Defendant has insufficient information with which either to admit or deny the allegations of Complaint paragraph 21.

22. For further Answer and defense this Defendant denies any involvement in the accident or incident alleged by Plaintiff; denies that any actions or activities by it either caused or contributed to the cause of the accident described in the Complaint and asserts that the incident resulted entirely from actions of persons or entities over whom this Defendant had no direction or control.

23. Pleading alternatively, this Defendant alleges and asserts that if it be determined that NEXTEL PARTNERS OPERATING CORP., was in fact an entity owing duties to Plaintiff as alleged, then such duties would have arisen because NEXTEL was a statutory employer of Plaintiff RAY HULL and these claims now presented would be barred by exclusivity provisions of the Oklahoma Worker's Compensation Act, Title 85 O.S. §§11 & 12.

24. This Defendant respectfully requests leave for amending this Answer to include any further affirmative defenses or other appropriate defenses upon development of facts through discovery.

WHEREFORE, this Defendant prays that Plaintiffs' Complaint as to it be denied.

JAMES E. POE, OBA #7198
Covington & Poe
111 West 5th, Suite 740
Tulsa, Oklahoma 74103
(918) 585-5537-phone
(918) 585-5530-fax

Attorney for NEXTEL PARTNERS OPERATING CORP.

## CERTIFICATE OF MAILING

A true and correct copy of the above and foregoing Answer has been mailed to Thomas J. McGeady, Donna L. Smith and Jay Stephen Neas, Attorneys for Plaintiffs, P.O. Box 558, Vinita, Oklahoma 74301-0558, this 15 day of November, 2004 with proper postage thereon fully prepaid.

JAMES E. POE